_____FILED _____ENTERED
_____LODGED _____RECEIVED

NOV 1 7 1999

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY JOHN ANTONIOUS           :
                                 :
      v.                         :   CIVIL ACTION NO. MJG-97-1958
                                 :
SPALDING & EVENFLO COMPANIES,    :
  INC.                           :
SPALDING SPORTS WORLDWIDE        :
              ..oOo..

### O R D E R

Mr. Antonious has applied for and been issued numerous patents related to designs and developments in the field of golf. He filed the instant action under federal patent law, claiming that the defendants had infringed on four of his patents for iron and metal-wood type golf club heads.

On May 28, 1998, Judge Marvin J. Garbis granted the defendants' motion for summary judgment of invalidity or non-infringement of the design patents-in-suit. (Paper No. 152.) In addition, the defendants' motions for summary judgment of non-infringement of Patent No. B1 5,328, 184 and of non-infringement and invalidity of Patent No. 5,482, 279 were granted.[1] (Paper No.

---

[1] Judge Garbis denied the defendants' motion for summary judgment that the patents-in-suit are unenforceable against the defendants due to plaintiff's inequitable conduct. (Paper No. 131.) In addition, Judge Garbis denied as moot the defendants' motion for partial summary judgment to limit potential damages and the defendants' motion for summary judgment on invalidity on U.S. Patent No. B1 5,328,184. (See Paper No. 155.)

153.)  All claims against the defendants were dismissed with prejudice and with costs.[2]  (Paper No. 156.)  Judgment was entered on June 2, 1998.  (Id.)

On June 17, 1998, the defendants filed a Bill of Costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.  (Paper No. 163.)  They seek the award of $68,547.00 in court reporter fees, copy work costs, and video production fees relating to a court-ordered videotape.  (Id.) .)  Mr. Antonious filed an opposition to the taxation request.  (Paper No. 167.)  The defendants filed their reply thereto.  (Paper No. 171.)

As the defendants are the prevailing parties in this case, they are entitled to the award of recoverable costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.  Abernathy v. Clarke, 857 F.2d 237, 239 (4th Cir. 1988).  Consequently, the undersigned is free to review each taxation request on its substantive merits.  No hearing is required.

I.   *Court Reporter Fees for Deposition Transcripts*

The Clerk may tax the costs of depositions under Fed. R. Civ.

---

[2] Further, Judge Garbis found two patents issued to the plaintiff to be invalid. (Paper No. 156.) The United States Court of Appeals for the Fourth Circuit subsequently reversed this portion of the District Court ruling(s). (See Paper No. 176.)

2

P. 54(d) where they are necessary for the case. See generally Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). To determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." See Advance Business Systems & Supply Co. v. SCM Corporation, 287 F. Supp. 143, 165 (D.Md. 1968), aff'd as modified, 415 F.2d 55 (4th Cir. 1969), cert. denied, 397 U.S. 920 (1970); see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987), cert. denied, 484 U.S. 1065 (1988).

While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned Clerk's authority is more limited. In this district the Clerk has traditionally allowed the costs associated with deposing the parties in the case and has allowed the costs of those depositions that were actually used in connection with the event that terminated the litigation.

Given the aforementioned restrictions of the Clerk's

discretion, I shall allow the taxation of a portion of the transcript costs associated with deposing Mr. Antonious. The defendants have submitted three exhibits related to this particular item. The first document is a "Request for Check" reflecting what appears to be a billing from Visual Image Productions for videotaping the plaintiff.[3] (Paper No. 163 at Ex. A.) The second exhibit is a statement from Bauer Video Productions for video services and tapes related to plaintiff's October 23, 1997 deposition. (Id. at Ex. B.) Finally, defendants submit an invoice for the transcription of four volumes of plaintiff's rolling deposition, taken on four separate days in October 1997. (Id. at Ex. C.)

Courts generally do not allow recovery of costs for both a videotape and written transcript. Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993). Because the defendants are only entitled to be reimbursed for one form of deposition transcription service and because there may be a duplicative videotape cost request in regard to the Visual Image and Bauer Video charges, the defendants shall be awarded the $2,718.90 in costs associated with the Walls Reporting, Inc. transcription of plaintiff's deposition.

---

[3] Apparently Mr. Antonious' deposition occurred on four separate days (October 16, 17, 22, & 23, 1997) over the course of an eight day period.

4

Moreover, based upon my examination of the defendants' successful motions for summary judgment (see court docket at Paper Nos. 46, 47 & 48), and the exhibits attached thereto the following deposition costs shall be awarded:

| | | |
|---|---|---:|
| 1. | Donald Bahr | $ 490.00 |
| 2. | Steve Mahaffey/Tom Greene (11/19/97) | 1,544.60 |
| 3. | Steve Mahaffey (3/10/98) | 154.00 |

Deposition costs as to the Tad Moore, Robert Marsh, Michael Sullivan, George Dickerman, Ronald Goldblatt, Steven Keithley, Robert Harmon, Michael Leetzow, Ronald Kamanen, Robert Oliveira, John Benoit, Richard M. Klein, and Lawrence E. Laubscher depositions shall be disallowed inasmuch as they were not relied on as attachments to the summary judgment motions granted by Judge Garbis.  Total costs shall be awarded as to this item in the amount of $4,907.50.[4]

*II. Fees for Copy Work and Court Hearing Exhibits*

Defendants request the taxation of photocopying charges for copies of "pleadings filed by or on behalf of Spalding..." (Paper

---

[4] The taxation award has been reduced to exclude costs related to the postage of the deposition transcripts, as well as the condensed version of the transcripts.  These costs are not recoverable under 28 U.S.C. § 1920.

No. 163, Mem. at 4.) The copy work is not specifically referenced. In their memorandum the defendants indicate that this cost would include color copies, photographs and copies of photographs, service copies, and copies filed with the Court, and they argue that the "expense of preparation and copying of exhibits attached to summary judgment motions are a compensable cost under § 1920(4)." (Id.)

The defendants further request the taxation of costs for producing court exhibits for the claim construction hearing held on March 27 and 28, 1998 and April 2, 1998.

Historically, this Court has regarded copy work as general office overhead and the Clerk, therefore, has not viewed it to be a reimbursable cost. Advance Business Systems & Supply Co. v. SCM Corporation, 287 F. Supp. at 165. The Clerk has reconsidered this position in light of Stratton v. Equitable Bank, Civil Action No. HAR-88-1485, where this Court held that "[P]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." c.f. Sun Publishing Company, Inc. v. Mecklenburg News, Inc., 594 F. Supp. 1512, 1524 (E.D. Va. 1984). See also Purity Products, Inc. v. Tropicana Products, Inc., Civil Action No. H-86-2319.

The Clerk has reviewed the aforementioned copy requests and shall disallow said item as currently requested.

First, while defendants' Schedule II indicates that 140,600 pages of in-house copy work was made at $.20 a page, I do not know what documents are included in this request. (Paper No. 163 at Schedule II, Ex. Q.) This item could pertain to the copy work of pleadings filed pursuant to Local Rule 105 (motions, briefs and memoranda); however, the photocopying charges could relate to correspondence or other documents which do not fall within the Stratton criteria. The failure to delineate the nature and purpose of the documents copied dooms this $28,120.00 copy work cost.

The defendants next seek the award of $10,537.85 related to the copy work cost for "motion for summary judgment and *other litigation documents*" and they provide various invoices related to said costs. (Id. at Schedule II, Ex. R.) The billings simply list some 46,200 pages of copy work described as "B & W Copies" and "Heavy Litigation." The invoices further list a number of color photographs. I likewise have difficulty in assessing this cost due to the defendants' failure to spell out what pleadings are involved and to identify the copy work. This deficiency may appear to be a trifling matter, but the Clerk of the Court has limited authority to award reasonable photocopy costs under Stratton. Without this

7

specific information I cannot properly evaluate this taxation request.[5] Therefore, the costs sought for this copy work item shall be denied.[6]

With respect to the defendants' claim for taxation of the exemplification of certain demonstrative aids, namely enlargements used at the patent claims construction hearing, this request shall too be disallowed. The term "exemplification" in 28 U.S.C. § 1920(4) has been quite broadly defined by the courts to include a variety of demonstrative evidence, including maps, charts, photographs, illustrations, and similar graphic aids. 6 J. Moore, W. Taggert & J. Wicker, Moore's Federal Practice ¶ 54.77[6] at 458 (2d ed. 1990). Hence, costs for copies of such exhibits may be awarded where such copies were "necessarily obtained for use in the case." See Advance Business Systems & Supply Co. v. SCM Corporation, 287 F. Supp. at 164; Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976), reh'g denied, 540 F.2d 1085. However, such costs are generally denied if they merely illustrate

---

[5] Taxation requests seeking reimbursement for photocopy costs related to pleadings, generally identify the pleading at issue and breakdown the item by providing the number of pages copied and the cost per page.

[6] Moreover, the invoices list costs for labeling and tabbing. These costs are not recoverable in any event.

8

evidence otherwise adduced.[7] Given the fact that the undersigned was not in attendance at the claims construction proceeding and cannot make an assessment as to the necessity of the enlargements[8] allegedly produced at the hearing, this claim shall be denied.

### III. *Fees for Court-Ordered Videotape*

In accordance with a March 11, 1998 court proceeding, Judge Garbis directed that the plaintiff and the defendants each produce a videotape. (Paper No. 66.) The defendants indicate that Judge Garbis requested the production of the video for purposes of having the parties summarize their position with respect to the issues in this case. (Paper No. 163, Mem. at 5.) The defendants seek the taxation of the $13,910.00 video production fee in addition to $90.95 cost of the "video package," claiming that because the visual aid was produced pursuant to court-order, the costs associated with the video are recoverable. (Id.)

I was not privy to the March 11, 1998 proceeding. Therefore,

---

[7] Some circuits require that parties seek prior court approval before incurring such exemplification costs if they desire an award of such costs. See Studiengesellschaft Kohle v. Eastman Kodak Co., 713 F.2d 128 (5th Cir. 1983); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); Euler v. Waller, 295 F.2d 765 (10th Cir. 1961). Such a rule does not appear to be firmly established in this Circuit.

[8] The defendants do not identify the enlargements with any particularity.

I am not familiar with the underlying reasons for the Court's request of the videotapes or whether the item was utilized by the Court in reaching its findings and was therefore necessary to this case. Moreover, I observe that the plaintiff produced his videotape for $1,504.00. While the disparity in production costs is not a focal point for the assessment of costs, it does cause the undersigned Clerk to question whether the fees for defendants' videotape was reasonably incurred.[9] Consequently, I have no choice but to deny the cost request as to this item.

In accordance with the foregoing opinion, costs are hereby awarded in favor of defendants in the amount of $4,907.50. The Clerk of Court shall docket and mail copies of this Order to counsel in this case.[10]

Dated this 17th day of November, 1999.

Felicia Cannon
Clerk of the Court
United States District Court for
the District of Maryland

---

[9] Unlike plaintiff's opposition exhibit (see Paper No. 167 at B), the defendants' invoice for the videotape production does not include a cost description and breakdown of fees.

[10] Counsel is of course free to seek review of this ruling pursuant to Fed. R. Civ. P. 54(d)(1).